**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-25492-CV-WILLIAMS**

RAMON OQUELI MAYORGA VALLE,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Respondents.
______________________________________/

**ORDER**

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Ramon Oqueli Mayorga Valle ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention at the Federal Detention Center ("***FDC***") in Miami, Florida. (*Id.* at 6–8.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody. (*Id.* at 7–8.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[1]

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Honduras who was admitted into the United States in 2016 on a nonimmigrant visa with authorization to stay temporarily until on or before October 19, 2021. (DE 8 at 1 citing (DE 8-1, Ex. A).)

Between May 2021 and June 2023 Petitioner was arrested on numerous occasions but most of the charges were *nolle prossed* or "dropped." (DE 8 at 1–2 citing

[1] *See* pages 4–5.

(DE 8-2, Ex. B).) On March 17, 2026, after encountering Petitioner following an arrest in Palm Beach County, Florida, for violating numerous Florida laws, Petitioner was transferred to immigration custody and removal proceedings begun. (*Id.* at 2 citing (DE 8-1, Ex. A; DE 8-2, Ex. B; DE 8-3, Ex. C).)

On June 26, 2026, following removal proceedings, an immigration judge ("***IJ***") entered an order finding Petitioner removable and ordered him removed to Honduras. (*Id.* at 2 citing (DE 8-7, Ex. G).) No appeal was filed, therefore, the removal order became final on July 26, 2026. (*Id.* at 2 citing (DE 8-2, Ex. B).)[2]

Petitioner has remained in immigration custody since March 17, 2026. (DE 8 at 2.) On July 31, 2026, approximately four months after being taken into custody by immigration officials, Petitioner filed the Petition before the Court seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1 at 6–8).

**II. LEGAL STANDARD**

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[2] *See* EOIR Automated Case Information System on-line at https://acis.eoir.justice.gov/en/caseInformation.

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (*Id.*) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final on July 26, 2026. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since he was taken into custody on March 17, 2026. On July 31, 2026, four days after his final order of removal became final, the Petition was filed. Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **<u>January 27, 2027</u>** (six months after his removal order became

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

final—July 26, 2026) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. The Court's Order (DE 3) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 6th day of October, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Ramon Oqueli Mayorga Valle, *Pro Se***
Alien# 208110476
Federal Detention Center-Miami
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

Yaniece McPherson, AUSA
U.S. Attorney's Office
500 E Broward Blvd, 8th Floor
Fort Lauderdale, FL 33394
Email: yaniece.mcpherson@usdoj.gov